UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATRICE ANTOINETTE LEE,

    Plaintiff,

v.                               Case No: 2:13-cv-806-FtM-29CM

FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, DRUG ENFORCEMENT ADMINISTRATION and UNKNOWN RESPONDENT,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the United States' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #8) filed on January 27, 2014. Plaintiff filed a Memorandum in Opposition (Doc. #13) on March 30, 2014. The United States, with leave of the Court, filed a Reply (Doc. #16) on April 22, 2014. For the reasons stated below, the motion is granted.

**I.**

On August 20, 2013, the Collier County Sheriff's Office seized $48,000 (the "money") from plaintiff Katrice Antoinette Lee during a traffic stop. (Doc. #1-1, pp. 3-4.) The money was subsequently turned over to the Drug Enforcement Agency (DEA) and administrative forfeiture proceedings were initiated. (Doc. #3, ¶ 2.) On October 9, 2013, the DEA sent plaintiff's counsel Notice of Seizure letters

that included the procedure and time deadline (November 13, 2013) for submitting a valid claim contesting the forfeiture. (Doc. #1-1, pp. 1-2.) The Notice of Seizure letters stated that a claim is deemed filed "**WHEN RECEIVED BY THE DEA . . . .**" (Id.)

On November 13, 2013, plaintiff filed a petition for remission with the DEA, but it was not properly executed. (Doc. #16-1, p. 4.) On November 18, 2013, plaintiff filed a Complaint in this Court seeking the return of the seized money. The Complaint was signed on November 13, 2013, the final date for filing a claim with the DEA. (Doc. #1.) An Amended Complaint was filed on December 12, 2013. (Doc. #3.) The DEA received an amended petition for remission on the following day. (Doc. #16-1, p. 4.) Because the DEA did not receive any claims contesting the seizure, the money was declared forfeited on February 3, 2014. (Id. at 1.)

The government asserts that this action should be dismissed for lack of subject matter jurisdiction because plaintiff failed to follow the steps necessary to contest an administrative forfeiture. The Court agrees.

## II.

In any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, the government is required to send written notice to the interested parties before declaring the property forfeited. 18 U.S.C. § 983(a)(1)(A). Any person claiming an interest in the seized property in a nonjudicial civil forfeiture

2

proceeding must file a claim with the appropriate official no later than the deadline set forth in the personal notice letter.  18 U.S.C. § 983(a)(2)(A)-(B).  A claim need not be made in any particular form, but must: (1) identify the property being claimed; (2) state the claimant's interest in the property; and (3) be made under oath, subject to penalty of perjury.  18 U.S.C. § 983(a)(2)(C)-(D).  If the government receives a properly filed claim, it shall file a civil forfeiture action within 90 days of the receipt of the claim.  18 U.S.C. § 983(a)(3)(A).

Plaintiff's Amended Complaint asserts that the money seized during the traffic stop should be returned to her because it was taken without reasonable suspicion or probable cause.  Plaintiff's claim, however, does not fall within the jurisdiction of this Court.  It is well established that a federal court generally lacks jurisdiction to review the merits of an administrative forfeiture. United States v. Garza, 486 F. App'x 782, 784 (11th Cir. 2012) (citing Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005)).  A federal court does, however, have jurisdiction to review whether the agency properly followed the procedural safeguards in place at the time of the forfeiture.  Id.

A party challenging a declaration of administrative forfeiture is limited to the exclusive remedy set forth in 18 U.S.C. § 983(e).  Valderrama, 417 F.3d at 1196 (citing 18 U.S.C. § 983(e)).  Accordingly, the only apparent issue this Court can

consider is whether plaintiff was given reasonable written notice of the nonjudicial civil forfeiture proceedings in sufficient time to file a claim with the agency.  <u>Id.</u>  Plaintiff does not make such an allegation.  Because plaintiff's response makes a vague suggestion that the Amended Complaint actually seeks "review of the adjudicatory process itself" (Doc. #13, p. 2), the Court will allow one first amended complaint.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #8) is **GRANTED** and the Complaint is **dismissed without prejudice**.  Plaintiff may file an amended complaint within **FOURTEEN (14) DAYS** of this Opinion and Order

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record