```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

KATRICE ANTOINETTE LEE,

      Plaintiff,

v.                                Case No: 2:13-cv-806-FtM-29CM

FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, DRUG ENFORCEMENT ADMINISTRATION and UNKNOWN RESPONDENT,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the United States' Motion to Dismiss Amended Complaint (Doc. #23) filed on June 2, 2014. Plaintiff filed a Motion Against Dismissal of Amended Complaint (Doc. #36) on June 13, 2014. For the reasons stated below, the motion is granted.

**I.**

On August 20, 2013, the Collier County Sheriff's Office seized $48,000 (the "property") from plaintiff Katrice Antoinette Lee (plaintiff) during a traffic stop. The money was subsequently turned over to the Drug Enforcement Agency (DEA) for administrative forfeiture and Notice of Seizure letters were sent to plaintiff and plaintiff's counsel. The Notice of Seizure letters provided that: "You may petition the DEA for return of the property or your

interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully."**

(Doc. #19-1.) To request a remission or mitigation of forfeiture, the letter stated:

> If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation.

(Doc. #19-1.) To contest a forfeiture, the letter stated:

> In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **November 13, 2013**. The claim need not be made in any particular form. The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury. . . . If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding – either civil or criminal – even if such proceeding has already been commenced or is commenced in the future.

(Doc. #19-1) (internal citations omitted).

On November 13, 2013, plaintiff's counsel sent a request for remission to the DEA. The request, however, was not properly executed. The DEA informed plaintiff of the deficiencies in the request and provided plaintiff with an opportunity to file another

request for remission. (Doc. #27, pp. 1-2.) In addition to filing the request for remission, plaintiff filed a Complaint for Return of Property in federal court on November 18, 2013. (Doc. #1.) The Complaint was not signed by plaintiff. An Amended Complaint was filed on December 12, 2013. (Doc. #3.)

Plaintiff cured the administrative deficiencies and promptly sent an amended letter to the DEA Forfeiture Counsel dated December 13, 2013. (Doc. #19-3; Doc. #36, p. 3.) The letter from counsel was captioned "Re: Remission of Forfeiture As Outlined Below." The letter sought the return of the cash on the basis that it was seized in violation of the Fourth Amendment. The letter included plaintiff's name and address, stated that the currency was hers, and described the currency. It further stated that "[t]his claim" was being sent to Forfeiture Counsel, and was submitted under penalty of perjury (but was not signed by plaintiff).

The government filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. #8) on January 27, 2014, and plaintiff filed a Memorandum in Opposition (Doc. #13) on March 30, 2014. The government, with leave of the Court, filed a Reply (Doc. #16) on April 22, 2014. The Court granted the government's motion on May 5, 2014, and dismissed the Amended Complaint without prejudice. (Doc. #18.) In dismissing the Amended Complaint, the Court stated that "a federal court generally lacks jurisdiction to review the merits of an administrative forfeiture . . . A federal court does,

however, have jurisdiction to review whether the agency properly followed the procedural safeguards in place at the time of forfeiture." (Id. at 3.)

Plaintiff filed a [Second] Amended Complaint to Review Forfeiture on May 19, 2014. (Doc. #20.) Plaintiff alleges that she filed a request for remission as well as a complaint in the Middle District of Florida, but was not given a hearing on the matter. As to the requested relief, plaintiff requests that the Court review the case to determine whether the agency properly followed the procedural safeguards. (Id. ¶¶ 5-9.) In the alternative, plaintiff alleges that the DEA ignored her request even though she complied with the instructions in the Notice of Seizure letters by filing a request for remission with the DEA and a complaint in this Court. (Id. ¶¶ 11-16.)

The government moves for dismissal of plaintiff's Second Amended Complaint on the grounds that plaintiff received proper notice of the forfeiture and failed to comply with the procedure for contesting an administrative forfeiture. (Doc. #23.) Plaintiff admits that she received proper notice, thus, the only issue is whether she filed a "claim" which would have stopped the administrative forfeiture and compelled the United States to proceed by judicial forfeiture.

4

**II.**

A person seeking to challenge the administrative forfeiture of her property in a judicial forum must file a "claim" with the appropriate official no later than the deadline set forth in the personal notice letter. 18 U.S.C. § 983(a)(2)(A)-(B). A claim need not be made in any particular form, but must: (1) identify the property being claimed; (2) state the claimant's interest in the property; and (3) be made under oath, subject to penalty of perjury. 18 U.S.C. § 983(a)(2)(C)-(D). The timely filing of a claim stops all administrative forfeiture proceedings. The claim is then transferred to a United States Attorney who must initiate a judicial forfeiture action in a federal district court within ninety days or return the property. 18 U.S.C. § 983(a)(3)(A). If a claimant fails to file a timely claim, the property is administratively forfeited. 19 U.S.C. § 1609.

In addition to, or in lieu of a claim, a claimant may file a petition for remission and/or mitigation within thirty days of receipt of the notice of seizure. 28 C.F.R. § 9.3(a). "The purpose of the remission statute is to grant the executive the power to ameliorate the potential harshness of forfeitures." *In re Sixty Seven Thousand Four Hundred Seventy Dollars*, 901 F.2d 1540, 1543 (11th Cir. 1990) (footnote omitted). A petition for remission and/or mitigation must include a description of the petitioner's interest in the property and state the facts and

5

circumstances justifying remission or mitigation.  (Doc. #28, p. 1.)  See also 28 C.F.R. § 9.3(c).  "Any factual recitation or documentation of any type in a petition must be supported by a declaration under penalty of perjury."  28 C.F.R. § 9.3(c)(2). Upon receipt of a petition, the seizing agency investigates the merits of the petition and prepares a written report for the reviewing official.  28 C.F.R. § 9.3(f).  The ruling official then reviews the petition and report, and rules on the merits of the petition.  "No hearing shall be held."  28 C.F.R. § 9.3(g).  If the petition is denied, the petitioner may file a request for reconsideration.  28 U.S.C. § 9.3(j).  "The remission of forfeitures is neither a right nor a privilege, but an act of grace."  In re Sixty Seven Thousand Four Hundred Seventy Dollars, 901 F.2d at 1543.

In this matter, plaintiff sought the return of the seized property by filing a letter with the DEA titled "**REMISSION OF FORFEITURE AS OUTLINED BELOW.**"  (Doc. #30.)  The letter is not captioned a "claim," it does not refer to itself as a "claim," it does not request judicial review, and it does not seek transfer to a United States District Court.  (Id.)  Following its receipt of plaintiff's November 13, 2013 letter for remission, the DEA notified plaintiff and plaintiff's counsel that the "Petition for Remission or Mitigation" it received was defective. (Doc. #27, p. 1.)  Neither plaintiff nor plaintiff's counsel notified the DEA

that the letter had been misconstrued, or that plaintiff wished to proceed with judicial review rather than administrative review.

On December 13, 2013, the DEA received a second letter titled "**REMISSION OF FORFEITURE AS OUTLINED BELOW.**" (Doc. #19-3.) The second letter differed from the first in that it referred to itself as a "claim" and contained a section titled "Contents of Petition Pursuant to 28 CFR 9.3(C)." Under this section, plaintiff states that she is "claiming interest in the seized property." (Id. at 4.) Although the letter referred to itself as a "claim," plaintiff does not argue that it should be construed as a claim for judicial review. Furthermore, plaintiff's claim of interest in the seized property was made pursuant to 28 C.F.R. § 9.3, which governs petitions for remission or mitigation in administrative forfeiture cases. Accordingly, the Court will not construe the claimed interest in the letter as a claim for judicial review. See Martin v. Leonhart, 717 F. Supp. 2d, 92, 99 (D.D.C. 2010) (rejecting the plaintiffs' attempt to recast their petition for remission as a claim for judicial review); Phillips v. United States, No. CV-09-8172-PCT-FJM, 2010 WL 2690574, at *2 (D. Ariz. July 6, 2010) (declining to construe the plaintiff's Petition for Remission or Mitigation, filed with the assistance of legal counsel, as a claim for judicial review).

Under the scheme established by Congress, the filing of a claim by an aggrieved party is the exclusive means by which a

claimant can have a judicial determination as to the forfeiture's validity. United States v. Garza, 486 F. App'x 782, 784 (11th Cir. 2012) (citing Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005)). The only aspect of an administrative forfeiture that a court can consider is whether plaintiff was given reasonable written notice of the nonjudicial civil forfeiture proceedings in sufficient time to file a claim with the agency. Valderrama, 417 F.3d at 1196 (citing 18 U.S.C. § 983(e)).

Plaintiff concedes that the Notice of Seizure letters provided her with the requisite notice in sufficient time to challenge the forfeiture proceedings. Although the notice did not specifically describe the differences between submitting a "petition" and submitting a "claim," the notice clearly informed plaintiff that she had two distinct avenues of relief available. Plaintiff—who has been represented by counsel throughout the proceedings—attempted to challenge the forfeiture by filing this action at the time she submitted her first request for remission. The filing of this action, however, is not a substitute for the procedure set forth in the Notice of Seizure letters. See Coley v. United States, 180 F. App'x 90, 92 (11th Cir. 2006) (the failure to file a claim in the administrative proceedings precludes judicial review of the forfeiture). Because plaintiff acknowledged that she was given reasonable notice and failed to file a claim challenging the forfeiture with the Forfeiture Counsel

of the DEA, the Court lacks jurisdiction to the review the merits of the Declaration of Forfeiture.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Amended Complaint (Doc. #23) is **GRANTED** and the Complaint is **dismissed with prejudice**.

2. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of August, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record

9